UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS JEFFRIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00969 JMB |
| | ) | |
| THE STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Travis Jeffries, a pretrial detainee currently incarcerated at Ste. Genevieve Detention Center, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 on June 30, 2025. [ECF No. 1]. Before the Court are plaintiff's motion to proceed in forma pauperis, as well as plaintiff's motions to amend his complaint by interlineation and to add defendants. [ECF Nos. 3, 6 and 8]. Plaintiff has also filed a motion requesting that service of process on his complaint be effectuated by the United States Marshals Service. [ECF No. 9].

For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will therefore grant plaintiff's motion to proceed in forma pauperis and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, after reviewing the record, plaintiff will be required to submit an amended complaint on a Court-provided form within twenty-one (21) days. Plaintiff's remaining motions will therefore be denied, without prejudice. [ECF Nos. 6, 8 and 9].

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

On July 8, 2025, the Court ordered plaintiff to either pay the $405 filing fee or file a prison account statement for the six-month period preceding the filing of his complaint. [ECF No. 5]. Plaintiff was provided thirty (30) days to do so. On July 14, 2025, plaintiff filed a "Notice to the Court," stating that although he had submitted a request to the Ste. Genevieve County Jail for his account statement on July 9, 2025, it had not been provided to him. As of this date, plaintiff has failed to submit an account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Travis Jeffries filed the instant action on June 30, 2025, pursuant to 42 U.S.C. § 1983 against: (1) the State of Missouri; (2) Warren County Missouri; (3) Warren County Jail; (4) Warren County Circuit Clerk; (5) Prosecutor Kelly King; and (6) Warren County Sheriff's Department. Plaintiff sues defendants in both their individual and official capacities.

Plaintiff claims that he was falsely imprisoned in the Warren County Jail between November 8, 2023, and November 17, 2023, after his charges had been dismissed by the Warren County Prosecutor's Office.[1]

Plaintiff states that, "[s]ometime in 2019, in Warren County, Missouri, the Plaintiff was involved in a traffic stop," and one of the tickets issued to him was for driving while his license was revoked. Plaintiff admits that he failed to appear in Court on the ticket, resulting in a warrant being issued for his arrest. He claims that at the end of September 2023, he was involved in a traffic stop in O'Fallon, Missouri, where he was arrested. Later that day, he was transferred to the Warren County Jail, in Warrenton, Missouri. Although plaintiff fails to indicate why he was transferred from O'Fallon, Missouri, to Warren County, Missouri, he leaves the Court to infer that it was related to the warrant for his failure to appear on the 2019 ticket for driving while his license was revoked in Warren County, Missouri. Plaintiff, in fact, claims that he was told by a booking officer at Warren County Jail that he was being held for a misdemeanor charge of driving while

---

[1]There is some discrepancy in plaintiff's complaint as to how long he believes he was wrongfully held in the Warren County Jail. In one place he states he was wrongfully held thirty-one (31) days. In other place he states he was held approximately nine (9) days past the time his lawyer was able to have the felony charge dismissed.

his license was revoked, but that he was also being held on a felony charge of driving while his license was revoked.

Plaintiff states that a lawyer was appointed to represent him approximately one week after he was booked in Warren County Jail. He told his lawyer that he should have only had a misdemeanor charge for driving with his license was revoked, but his lawyer told him that each of the charges had different offense dates. Plaintiff argued that he was only in Warren County on one date in 2019, and his lawyer stated that he would investigate the charges.

Plaintiff alleges that on or about October 17, 2023, plaintiff plead guilty to the misdemeanor charge of driving while his license was revoked in Warren County, Court. Plaintiff was sentenced to ten (10) days in the Warren County Jail, and he was credited with time served. Nonetheless, plaintiff remained in the Warren County Jail after this time based on the pending charge of felony driving while his license was revoked.

Plaintiff contacted his lawyer on or about October 24, 2023, regarding the felony charge. His lawyer insisted that after investigating the issue there were two separate incidents and two separate charges of driving while his license was revoked. Accordingly, the felony charge remained pending. Plaintiff disagreed with his attorney again, and his lawyer said he would further investigate the matter.

On November 8, 2023, plaintiff's attorney visited him at the Warren County Jail and told him that it appeared a clerical error was to blame for the pending felony charge, and that the misdemeanor charge and the felony charge were based on the same facts and circumstances and the same date of occurrence. Plaintiff's attorney asserted that because plaintiff had already plead guilty to the matter as a misdemeanor, it would be "double jeopardy" for the prosecutor to try to

hold him responsible for the same incident as a felony. Plaintiff's attorney had therefore contacted the prosecutor seeking to have the felony charge dismissed.

Later in the day, plaintiff contacted his attorney to ask the status of the matter, and his attorney told him the felony charge had been dismissed by the prosecutor. Plaintiff's father called the Warren County Jail that evening and was told that although they could see the charges had been dismissed, they needed an order from a judge to release him from the jail. Plaintiff asserts that it was not until November 17, 2023, that he was finally released from Warren County Jail. He alleges that seven (7) days prior to that time, on or about November 10, 2023, he had been seen by a judge in Warren County Court, as well as the Warren County Prosecutor, who recognized that the charges against plaintiff had been dismissed, but he was kept in custody for another week.

In his "Request for Relief," plaintiff seeks compensatory and punitive damages for what he believes was wrongful incarceration.

### Plaintiff's Relevant Criminal History

The Court has reviewed plaintiff's relevant criminal history on Missouri Case.Net. On May 2, 2017, plaintiff was charged with driving while his license was revoked in the City of Wentzville, Missouri. No. 161365235 (11th Jud. Cir., St. Charles County). Plaintiff's initial court date was set for June 8, 2017. However, he missed the Court date. An information was filed on the citation on February 21, 2023. Plaintiff missed two more court dates in 2023. On November 6, 2023, plaintiff plead guilty and was sentenced to ten (10) days in jail.

On May 16, 2018, plaintiff was charged by information with failure to register his motor vehicle and driving while his license was revoked. *State v. Jeffries*, No. 1811-CR01865 (11th Jud. Cir., St. Charles County Court). A warrant was issued after plaintiff failed to appear for a hearing on May 18, 2018. Although the warrant was served on plaintiff on March 29, 2019, plaintiff failed

to appear on several additional occasions. On November 20, 2023, plaintiff plead guilty and was sentenced to three (3) days in jail, credit for time served.

On June 18, 2019, plaintiff was charged by information with failure to register his motor vehicle and driving while his license was revoked. *State v. Jeffries*, No. 1911-CR02422 (11th Jud. Cir., St. Charles County). A warrant was issued after plaintiff failed to appear for a hearing on September 16, 2019. However, the warrant was not served on plaintiff until February 17, 2023. After bond was issued, plaintiff again failed to appear, and his bond was forfeited. Plaintiff finally plead guilty to the charges on November 20, 2023. He was sentenced to three (3) days in jail on each count, credit for time served.

On September 14, 2019, plaintiff was charged with several citations in Warren County, including: (1) failing to yield for an emergency vehicle, No. 180469341; (2) failure to register his vehicle, No. 180469342; (3) excessive speeding, No. 180469339; (4) operating his vehicle in a careless and reckless manner, No. 180469338; and (5) driving without a license, No. 180469340. (12th Jud. Cir., Warren County Court). On October 17, 2023, plaintiff plead guilty, and he was sentenced to ten (10) days in jail on each of the charges and given credit for time served.

On March 4, 2023, plaintiff was charged by information with violation of a child protection order. *State v. Jeffries*, No. 1911-CR02422 (11th Jud. Cir., St. Charles County Court). The matter is currently pending.

On May 15, 2024, plaintiff was charged in this District Court with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5) and 18 U.S.C. § 2252A(b)(2). U.S. v. Jeffries, No. 4:24CR229 RWS (E.D.Mo. 2025). Plaintiff plead guilty to the charge on April 8, 2025. On August 7, 2025, he was sentenced to seventy-two (72) months of imprisonment and a life term of supervised release.

7

On September 2, 2025, plaintiff filed a civil rights action against defendants Warren County, Missouri, Kevin Harrison, Kelly King, Eric Schleuter, Tim Beard, the City of Warrenton, and Unknown Correctional Officer in Warren County Circuit Court. *See Jeffries v. Warren County, et al.,* No. 25BB-CC00109 (12th Jud. Cir., Warren County Court). Plaintiff makes the same allegations in that lawsuit as in the instant action.

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint and pending motions, the Court concludes it is subject to dismissal as currently written. However, considering plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

First, the Court finds that plaintiff's claims against the State of Missouri fail to state a claim as currently asserted. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska,* 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007). Thus, plaintiff's claims against the State of Missouri are subject to dismissal.

Similarly, to the extent plaintiff is attempting to bring a policy or custom claim against Warren County, he has failed to do so. Although a municipality or local governing body may be sued, to do so a plaintiff must allege an unconstitutional policy, custom or a deliberately indifferent failure to train or supervise. *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *See also Marsh v. Phelps Cty.*, 902

F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has failed to allege that he was unlawfully held because of an official Warren County policy, an unofficial Warren County custom or a deliberate failure to train a specific official at Warren County. Accordingly, he has not stated a *Monell* violation against Warren County.

Plaintiff's claims against the Warren County Jail and Warren County Sheriff's Office are subject to dismissal as these entities are not suable under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Additionally, to the extent he is attempting to assert a civil rights claim under 42 U.S.C. § 1983 against the Warren County Circuit Clerk, this claim also fails. Because plaintiff does not provide a short and plain statement of his allegations against the Circuit Clerk, the Court does not know exactly what actions plaintiff is claiming that the Circuit Clerk did to violate his rights. However, the Court recognizes that court clerks are protected by immunity for many of their actions. "For court clerks, absolute immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 928 (8th Cir. 2020). In addition to absolute immunity, court clerks can also be protected by quasi-judicial immunity. *See Boyer v. Cnty. of Wash.*, 971 F.2d 100, 102 (8th Cir. 1992) (discussing how court clerks are entitled to quasi-judicial immunity for civil rights violations

that relate acts which are "integral parts of the criminal judicial process"). In this case, if plaintiff is alleging that the Circuit Clerk made a mistake in failing to enter a judgment in a timely manner, this would most likely be an act protected by quasi-judicial immunity because the handling of court records is an integral part of the criminal justice process. However, the Court notes that plaintiff's factual assertions do not mention *any* wrongdoing by the Warren County Circuit Clerk. As such, as currently written, his complaint fails to state a claim against this defendant.

Plaintiff's claims against Prosecutor Kelly King are also subject to dismissal as King is entitled to absolute immunity. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. City of St. Louis, Mo.,* 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) (explaining "that a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Last, the Court notes that plaintiff has attempted to amend his complaint by interlineation to add several defendants in this action, including: the City of Warrenton, Missouri; Warren County Sheriff Keith Harrison; Warren County Missouri Jail Administrator Eric Schleuter; and Unknown Correctional Officer. He seeks to sue these individuals and entities in their individual and official capacities. Plaintiff, however, has failed to make allegations against these defendants. He merely lists them in his motion to add defendants. [ECF No. 8].

Plaintiff fails to allege facts that show how any of these defendants is causally linked to, and directly responsible for, violating his rights, which is fatal to his claims for relief against them. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a

causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to these defendants. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Given the aforementioned, the complaint is subject to dismissal as currently written. Nevertheless, given plaintiff's self-represented status, the Court will provide plaintiff twenty-one (21) days to amend his complaint on a Court-provided form. He must follow the instructions set forth below when amending his complaint.

## Instructions for Amending the Complaint

An amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Plaintiff must type or neatly print the amended complaint on the Court's Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A). Plaintiff will not be allowed to supplement his complaint by interlineation or supplementation. The Court expects all of plaintiff's claims to be within his amended complaint. To that end, the Court will deny plaintiff's motions to amend his complaint to add or substitute parties. The Court will

11

additionally deny Plaintiff's motion to have the United States Marshal's Service effectuate service on the original complaint as plaintiff is expected to amend his complaint.

In the "Caption" section of the form, plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must avoid naming a person as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues each defendant. Plaintiff's failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant, and (2) state what constitutional or federal statutory right(s) that defendant violated. If plaintiff is suing more than one defendant, he shall proceed similarly with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that defendant violated. No introductory or conclusory paragraph is necessary. Plaintiff is advised to avoid including unnecessary detail in the amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if this case proceeds to the next stage of litigation.

If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he may include only claims that arise out of the same transaction or occurrence—that is, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claim or claims. If plaintiff chooses to do so, he must pay the filing fee or file a motion for leave to proceed in forma pauperis.

Plaintiff must allege facts explaining how each defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each defendant, so the defendant has notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a blank Civil Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on a Court-provided form in accordance with the instructions set forth above within twenty-one (21) days of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review.

13

**IT IS FURTHER ORDERED** that plaintiff's motions to amend his complaint and add parties by interlineation [ECF Nos. 6 and 8] are **DENIED, without prejudice**. Plaintiff shall include all claims and parties he wishes to bring in his amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for service of his complaint by the United States Marshal's Service [ECF No. 9] is **DENIED, without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order may result in a dismissal of this action, without prejudice, and without further notice.

Dated this 14th day of October, 2025.


_/s/ John M. Bodenhausen_
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE